UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VICKIE ORKIES                                                                  PLAINTIFF

v.                                           CIVIL ACTION NO. 3:14CV-294-CRS

MIDLAND FUNDING, LLC, et al.                            DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of the defendant, Midland Funding, LLC,[1] to dismiss the claims against it on the ground of judicial estoppel (DN 17). Midland's motion will be granted.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). During the pleading stage, the plaintiff must provide factual allegations that are "enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Frank v. Dana Corp. (Frank II),* 646 F.3d 954, 958 (6th Cir. 2011). In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must "construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true[.]" *Albrecht*

---

[1] The claims against the other defendants have been resolved, with the exception of Asset Recovery Solutions, LLC and Velocity Portfolio Group, Inc. who have not appeard in this case. It is unclear whether service has been effected upon them. Counsel has not appeared on behalf of either of these defendants.

*v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (internal marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). The court must weigh the complaint's allegations in their entirety and examine other sources ordinarily reviewed when ruling on such a motion. As set forth in 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d. ed. 2004 & Supp. 2014),

> In determining whether to grant a Federal Rule 12(b)(6) motion, district courts primarily consider the allegations in the complaint. The court is not limited to the four corners of the complaint, however. Numerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the district judge without converting the motion into one for summary judgment. These matters are deemed to be a part of every complaint by implication. (footnote omitted)).

In her complaint, the plaintiff, Vickie Orkies, alleges that:

In August of 2005, she applied for and received a credit card from Credit One Bank. In October 2010, she fell behind on her payments. In July 2011, Credit One charged off Orkies' credit card balance of $1,401.00 and sold the debt to Midland. On October 21, 2013, she checked her credit report and discovered that Midland reported a balance due on the debt of $1,477.00 and furnished negative credit information in connection with this debt. She claims that Midland violated various provisions of the Fair Debt Collections Practices Act ("FDCPA") in connection with the debt. Orkies filed suit against multiple entities, including Midland, for alleged FDCPA and Federal Consumer Reporting Act ("FCRA") violations on April 4, 2014.

Orkies filed a voluntary Chapter 7 bankruptcy petition November 13, 2013, approximately one month after her discovery of the purported FDCPA violations by Midland. She listed the $1,477.00 Midland unsecured nonpriority debt on Schedule F, and thereafter received a discharge

in bankruptcy. While her counsel scheduled the Midland debt, he did not list the FDCPA claim concerning that debt. This same attorney now represents Orkies in this action for violations of the FDCPA.

Midland moved to dismiss the claim against it on the ground of judicial estoppel because Orkies failed to disclose this contingent and unliquidated claim on Schedule B of her petition in bankruptcy.

> The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying in a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)(citation omitted). This doctrine is "utilized in order to preserve 'the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship.'" *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002); *see also Eubanks [v. CBSK Financial Group, Inc.]*, 385 F.3d at 897.

*White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010). Orkies' representation that she had no contingent claims took a position upon which the bankruptcy court relied in granting her discharge. She then took a contrary position when she filed her claims in this court. *See Payne v. Central Defense Servs., Inc.*, 2013 WL 3974575, at *6 (W.D.Tenn. Aug. 2, 2013)(*quoting White, supra.*):

> It is undisputed that, by omitting any reference to the...claim in [her] Schedule B and Statement...[the plaintiff] "assumed a position that was contrary to the one that [s]he asserted under oath in the bankruptcy proceedings," and that by confirming [her] plan, "the bankruptcy court adopted the contrary position."

Shortly after the filing of the Orkies' complaint, Midland filed the present motion to dismiss, raising the issue of judicial estoppel. Within hours after the filing of Midland's motion,[2] Orkies filed a motion to reopen her bankruptcy in order to amend Schedules B and C to reflect and exempt the contingent claim against Midland.[3] Orkies sought an extension of time in this court to file a response to Midland's motion to dismiss, which was granted. She filed her response after the Trustee abandoned the claim and the bankruptcy was again closed.

Orkies states in her response that "The claims in this case are based on errors on debtor's credit report appeared [sic] before she filed her bankruptcy petition...Through inadvertence and mistake, Debtor did not list her FDCPA and FCRA claims against Defendants in her bankruptcy petition..." (DN 37, p. 2, ¶¶ 3-4). She provides nothing further concerning the failure to include the claim in her initial petition. She urges only that the claim is no longer the property of the bankruptcy estate by virtue of the reopening of the case and the abandonment of the claim by the Trustee.

Midland contends that despite Orkies' recent reopening of the bankruptcy and the Trustee's abandonment of the claim, Orkies' should be judicially estopped from pursuing the claim in this action. The United States Court of Appeals for the Sixth Circuit has held, in the bankruptcy context, that judicial estoppel is appropriate when (1) the plaintiff assumed a position that was contrary to the one that he asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted

---

[2] Electronic filings in the Western District of Kentucky are time-stamped. Midland filed its motion to dismiss at 1:00 pm, and Orkies filed her motion to reopen with the bankruptcy court at 6:06 pm.

[3] She served only the Trustee with the motion. Therefore, neither Midland nor any other creditor had the opportunity to address Orkies' motion to reopen.

the contrary position either as a preliminary matter of as part of a final disposition; and (3) the plaintiff's omission did not result from mistake or inadvertence. *White*, 617 F.3d at 478.

As stated in *Williams v. Saxon Mortgage Services, Inc.*, No. 13-10817, 2014 WL 765055 (E.D.Mich. Feb. 26, 2014),

> A debtor's omission [to include a pending claim in her bankruptcy filing] may be deemed inadvertent in two circumstances: (1) where the debtor lacked knowledge of the undisclosed claims; and (2) where the debtor had no motive for concealment. *Browning,* 283 F.3d at 776. The courts also look at whether the evidence indicates an absence of bad faith. *See Epps [v. United States],* 2013 WL 4096001 [(W.D.Tenn. Mar. 27, 2013)]. It is plaintiff's burden to present evidence establishing the absence of bad faith. *Payne*, 2013 WL 3974575. Regarding inadvertence, "[t]he debtor need not know all the facts or even the legal basis for the cause of action rather, if the debtor has enough information...to suggest that it may have a possible cause of action, then it is a 'known' cause of action such that it must be discharged." *In re Coastal Plains*, 179 F.3d at 210...The fact that plaintiffs reopened and amended their Chapter 7 filings does not preclude dismissal based on judicial estoppel. *See id.* at *7; *see also Maxwell v. MGM Grand Detroit, LLC*, 2007 WL 2050795, at *7 (E.D. Mich. July 16, 2007)(collecting cases). Simply put, an "after-the-fact effort to amend is insufficient to show a lack of bad faith." *Payne*, 2013 WL 3874575, at *7 (citing *White*, 617 F.3d at 481 ("We will not consider favorably the fact that White updated her initial filings after the motion to dismiss was filed. To do so would encourage gamesmanship, since White only fixed her filings after the opposing party pointed out that those filings we inaccurate.")); *see also Maxwell*, 2007 WL 2050795 (applying judicial estoppel to dismiss plaintiffs' claims despite plaintiffs' petitions to reopen their bankruptcy cases and amend their schedules and financial statements).

Based upon the undisputed sequence of events in this case, the court finds that in failing to include the claim in her original filings upon which the bankruptcy court relied in affording her a discharge, Orkies has now taken a contrary position in asserting her claim in this action, and that she has not done so in good faith. There is a complete absence of evidence of mistake or inadvertence

- 6 -

with respect to the omission in the bankruptcy petition.[4]  Further, Orkies does not argue an absence of bad faith, and she provides no facts at all.  The filing of a motion to reopen after Midland moved to dismiss the case is insufficient to "fix her filings," *White*, 617 F.3d at 481, and thus we conclude that Orkies is judicially estopped from pursuing her claim against Midland in this action.  The complaint will be dismissed as to Midland by separate order.

**IT IS SO ORDERED.**

February 24, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[4] A statement in a brief that claims were not listed "through inadvertence and mistake" is not an offer of evidence.  It is nothing more than argument of counsel.  Orkies has offered no evidence to support this statement.